IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40358
Summary Calendar
_____

KATHY A. DRAPER,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-321
- - - - - - - - - -
January 19, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Kathy A. Draper appeals the district court's summary judgment affirming the determination by the Commissioner of Social Security that she is not disabled within the meaning of the Social Security Act.  Draper argues that the administrative law judge (ALJ) failed to give appropriate weight to her treatment for depression.  Draper points to the reports of Dr. Feltoon, a psychologist who believed she was suffering from a depressive disorder, and the reports of Marylou Goranson, the licensed counselor who diagnosed Draper with an adjustment

_____

[*] Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

disorder with mixed emotional features of depression, anxiety, and anger.  However, none of the physicians who treated or evaluated Draper determined that her depressive condition would significantly hinder her ability to perform light work.  The opinions of the physicians provide substantial evidence to support the Commissioner's decision.

Draper's argument that the ALJ made an erroneous residual functional capacity assessment because she failed to consider's Draper's depression and the side effects of medication is similarly without merit.  Draper's testimony indicated that she did not frequently take the medications that caused side effects, and those side effects were not of enough significance to prevent her taking a job and performing light work.

The ALJ's assessment of Draper's credibility is also supported by substantial evidence.  Draper argues that the ALJ placed inappropriate weight on her activities of daily living and personal observations at the hearing.  However, Draper's testimony revealed that she performed enough household chores and errands to support the conclusion that light work would not be impossible for her.  It is within the province of the ALJ to make credibility determinations concerning testimony at administrative hearings.  See Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000); Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

Draper's argument that the ALJ erred in propounding an inadequate hypothetical question to the vocational expert that failed to take into consideration her limitations is without merit because the ALJ included in the hypothetical question all limitations supported by the reports from physicians.

AFFIRMED.